UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JERRID WARD, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-305 |
| § | |
| KIRBY INLAND MARINE L.P., § | |
| § | |
| Defendant. § | |

## ORDER ON MOTION TO DISMISS

Plaintiff, Jerrid Ward (Ward) filed suit against Defendant, Kirby Inland Marine, L.P. (KIM), alleging that KIM terminated his employment in retaliation for making a claim for compensation under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 948a. KIM filed its Motion to Dismiss (D.E. 3), arguing that this Court does not have jurisdiction because Ward has not exhausted his administrative remedies and because this suit is barred by Ward's prior settlement of claims related to his injury. For the reasons set out below, the Court GRANTS the motion.

This Court has jurisdiction to determine its jurisdiction over Ward's claims. *E.g., Atlantic Las Olas, Inc. v. Joyner*, 466 F.2d 496, 498 (5th Cir. 1972). The Court must determine the jurisdictional issue before attempting to adjudicate the merits of the parties' dispute. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Thus the Court evaluates KIM's challenge to its jurisdiction under Federal Rule of Civil Procedure 12(b)(1) before considering its Rule 12(b)(6) ground for relief.

KIM argues that any claim for retaliation under LHWCA § 948a must first be brought to the deputy commissioner or district director of the Office of Workers' Compensation Programs under the umbrella of the United States Department of Labor. LHWCA § 919(a); 20 C.F.R. § 701.301. At least three United States Courts have reached this conclusion: *Brink v. Cont'l Ins. Co.*, 787 F.3d 1120, 1128 (D.C. Cir. 2015); *Sickle v. Torres Advanced Enter. Solutions, LLC*, 17 F. Supp. 3d 10, 20 (D. D.C. 2013); and *Slightom v. Nat'l Maint. & Repair, Inc.*, 747 F. Supp. 2d 1032, 1038 (S.D. Ill. 2010). As the *Slightom* court acknowledged, any appeal of the final decision in the administrative process in this district will bypass the district court and go directly to the Fifth Circuit Court of Appeals. *Slightom,* (citing LHWCA § 921(c)).

Plaintiff's response offers no argument to the contrary other than his observation that the courts that have addressed the issue are not in the Fifth Circuit. Regardless of whether the prior decisions are considered binding precedent on this Court, the opinions are well-reasoned and appropriate constructions of the operation of the LHWCA. Plaintiff has offered no reason not to follow those opinions.

The Court GRANTS the motion to dismiss (D.E. 3) and this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction under Rule 12(b)(1). The court does not reach KIM's alternative argument under Rule 12(b)(6).

ORDERED this 13th day of October, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE